# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TASK MORELAND, | : | Case No. 3:25-cv-213 |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SHERIFF STRECK, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This habeas corpus action is before the Court on Petitioner's Motion to Stay. (Doc. 1). The Motion was originally filed in a separate civil rights case in which Mr. Moreland was a plaintiff. *See Henderson v. Parin*, Case No. 3:22-cv-228 (Newman, J.; Gentry, M.J.) (S.D. Ohio May 9, 2025) (Doc. 17). Because that case was already closed and the Motion appeared to concern a forthcoming habeas corpus petition, the Court issued an Order for the Clerk of Court to open a new habeas corpus case and docket the Motion to Stay in it. *See id.* at Doc. 18. The Order resulted in the initiation of this case. (*See* Doc. 1).

However, before this case was opened, Petitioner filed a habeas corpus Petition and a Motion to Stay in *Moreland v. Warden*, Case No. 3:25-cv-193 (Newman, J.; Litkovitz, M.J.) (June 9, 2025) (Doc. 1, 3). Petitioner has paid the filing fee in that action and the case remains pending.

The Supreme Court has explained that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the "general principle" that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). A federal district court has the inherent power to dismiss an action when it is duplicative of another action pending in that court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.,* No. 1:11-cv-804, 2011 WL 7499434, at \*4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.).

Accordingly, it is hereby **RECOMMENDED** that this action be summarily **DISMISSED without prejudice** to Petitioner's prosecution of the habeas corpus Petition and Motion to Stay which are currently pending before the Court in *Moreland v. Warden*, Case No. 3:25-cv-193 (Newman, J.; Litkovitz, M.J.) (June 9, 2025) (Doc. 1, 3). *Cf. Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (modifying the judgment so that the dismissal was without prejudice to the adjudication of the remaining pending action); *Green v. Quarterman,* No. Civ. A. H-08-553, 2008 WL 2489840, at \*2 (S.D. Tex. June 18, 2008) (the dismissal of the duplicative habeas petition was "without prejudice").

### IT IS THEREFORE RECOMMENDED THAT:

1. This action be **DISMISSED without prejudice**.

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part

standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


July 17, 2025                              *s/ Caroline H. Gentry*
                                          Caroline H. Gentry
                                          United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters

---

[1] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).